■ SUSAN C. STOKES, Appellant, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Interpleading Plaintiff-Appellant, v. MILDRED L. STOKES, Interpleaded Defendant-Respondent, et al., Interpleaded Defendants.— Order, Supreme Court, New York County, entered March 4, 1974, denying the motion of the defendant-interpleading-plaintiff for summary judgment against the interpleaded defendants and denying the cross motion of the plaintiff for summary judgment against the defendant-interpleading-plaintiff, unanimously reversed, on the law, and the motion and cross motion granted, without costs or disbursements. The deceased Edward C. Stokes (Edward) was covered by the Equitable Life Assurance Society of the United States (Equitable) under two policies of insurance. One policy had a face value of $25,000 and the other had a face value of $50,000. Both policies named Susan C. Stokes (Susan) as the beneficiary. Upon Edward's death, Susan claimed and received the $50,000 on one policy. Prior to payment of the $25,000, however, Equitable received notice of other claimants to this $25,000 fund. These claimants were Mildred L. Stokes (Mildred), the first wife of Edward, and Walter E. and Wendy E. Stokes (Walter and Wendy), the two children of Edward by his first marriage. Neither Walter nor Wendy is a minor. Preliminary to discussion of the motions for summary judgment, which are the subject matter of the instant appeal, it is necessary to give a brief background describing the state of the pleadings in this case. Susan initiated suit against Equitable to recover the $25,000 value of the policy outstanding. Equitable, in turn, interpleaded Mildred, Walter and Wendy. Mildred, in addition to answering, interposed two counterclaims, the first against Susan for the return of the $50,000 paid to her and for the additional $25,000 now claimed by Susan. The second counterclaim was interposed against Equitable seeking payment to Mildred of the $25,000 presently claimed by Susan. It was at this stage of the pleadings that the motions which are the subject of this appeal were made. Parenthetically, we note that neither Walter nor Wendy actively participated in the litigation of the motions or the present appeal. Equitable moved for summary judgment against Mildred on her counterclaim, and Susan, by cross motion, sought summary judgment in her behalf against Equitable and against Mildred. The papers submitted by Mildred in response to the motions were insufficient to raise triable issues worthy of a plenary trial. Mildred claimed that she and Edward entered into a separation agreement under which terms Edward was to maintain a $25,000 policy for the benefit of herself and the children. Equitable, however, was never given notice of such agreement, nor was the agreement annexed as an exhibit. Mildred further contended that she was entitled to the proceeds of the $50,000 policy because the funds used to purchase that policy emanated from another insurance policy designating Mildred, Walter and Wendy as beneficiaries. The $50,000 policy was properly paid to Susan. Mildred offered nothing other than conjecture to support the allegation of an improper transfer of funds. In any event, there was no prohibition against Equitable cashing a previous policy at Edward's request, nor was there any prohibition against issuing a new $50,000 policy in its stead. Furthermore, the $50,000 policy at all times named only Susan as the

beneficiary and therefore Mildred has not presented any cognizable legal or equitable reason why payment to Susan was improperly made. We further conclude that the $25,000 policy proceeds should also be paid to Susan. Susan was not only named as the beneficiary of that policy but the policy also contained an authorization signed by Edward transferring ownership to Susan. Mildred's claim that there was a subsequent change of beneficiary in the $25,000 policy, signed by Susan, the then owner of the policy, in favor of Mildred, Walter and Wendy, is not only incredible on its face but not substantiated by the record. Since there were no triable issues of fact, the motions of both Equitable and Susan for summary judgment should have been granted. Settle order on notice. Concur — Markewich, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.